Marcelo Gondim (Cal. Bar No. 271302)
court@gondim-law.com
GONDIM LAW CORP.
1880 Century Park East, Suite 400
Los Angeles, California 90067
Telephone: (323) 282-7770

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| BARBARA KUNDE MINUZZI,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Facility Administrator, Adelanto ICE Processing Center; THOMAS P. GILES, Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Attorney General of the United States, in their official capacities,<br><br>Respondents. | Case No. 5:26-cv-__________<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**EXPEDITED ORDER TO SHOW CAUSE REQUESTED UNDER 28 U.S.C. § 2243**<br><br>Agency No. A# 214-868-041 |

## INTRODUCTION

1. Petitioner Barbara Kunde Minuzzi is a native and citizen of Brazil who has lived in the United States for approximately ten years. She is the mother of a four-year-old United States citizen son, she is approximately three months pregnant, and she has no criminal history. She is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, within this District.

2. On April 6, 2026, the Los Angeles Immigration Court ordered Petitioner removed *in absentia* in proceedings of which she had no notice. The Notice to Appear was issued in August 2025, years after she moved from her former Barrington Avenue residence in Los Angeles, and

upon information and belief, it and any hearing notice were mailed to that former address. She never received them. She learned of the order only on October 20, 2026, when ICE officers arrested her at Los Angeles International Airport while she waited to board a domestic flight to a professional conference.

3. On October 21, 2026, Petitioner, through counsel, filed with the Los Angeles Immigration Court a motion to reopen and rescind the *in absentia* order on the ground that she did not receive notice, under 8 U.S.C. § 1229a(b)(5)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(ii). The motion was filed and served on the Department of Homeland Security ("DHS") through the EOIR Courts & Appeals System ("ECAS") (ECAS Tracking No. 000-065-337-353), and the filing fee was paid.

4. By statute, "[t]he filing of a motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge." 8 U.S.C. § 1229a(b)(5)(C). The governing regulation says the same: "The filing of a motion under this paragraph shall stay the removal of the alien pending disposition of the motion by the Immigration Judge." 8 C.F.R. § 1003.23(b)(4)(ii). The stay attaches upon filing. It does not depend on any action by the Immigration Judge or by DHS. The regulation permits one such motion, and this is Petitioner's first.

5. The Immigration Judge has not ruled on the motion. Nevertheless, on October 22, 2026, an ICE officer told a friend of Petitioner by telephone that ICE intended to deport Petitioner that same day, without her United States citizen son. Later that day, after receiving notice of this action, the United States Attorney's Office confirmed in writing that Petitioner is not being removed because of the stay. Respondents nonetheless continue to detain her.

6. Removing Petitioner while her statutory stay is in force would be unlawful. A stay "temporarily suspend[s] the source of authority to act." *Nken v. Holder*, 556 U.S. 418, 428–29 (2009). The Ninth Circuit has held that when a stay of removal is in force, the government "lack[s] the authority to execute the removal order," and that a decision to remove in violation of a stay falls outside the jurisdictional bar of 8 U.S.C. § 1252(g). *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (per curiam).

7. Because Respondents concede that Petitioner's removal is stayed, her detention no longer serves its only stated purpose. Petitioner asks this Court to issue a writ of habeas corpus ordering her immediate release under reasonable conditions of supervision. She also asks the Court to declare that Respondents may not remove her while her motion to reopen is pending, and to enjoin Respondents from removing her from the United States, or transferring her outside this District, pending disposition of her motion and further order of this Court.

**JURISDICTION**

8. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) (habeas corpus), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act), 5 U.S.C. §§ 702 and 706 (Administrative Procedure Act), and Article I, Section 9, Clause 2 of the United States Constitution (Suspension Clause).

9. Petitioner is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3). Respondents hold her at the Adelanto ICE Processing Center for the specific purpose of executing a removal order that, by statute, may not presently be executed. Respondents have confirmed in writing that they will not remove her while the stay is in force. Her continued custody is "in violation of the Constitution or laws . . . of the United States." *Id.*

10. 8 U.S.C. § 1252(g) does not bar this action. Section 1252(g) applies "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Petitioner does not challenge any discretionary decision to commence proceedings, adjudicate a case, or execute a removal order. She challenges Respondents' lack of legal authority to execute any removal order while a statutory stay is in effect. The Ninth Circuit has held that § 1252(g) does not reach such a claim, because "the Attorney General entirely lacked the authority, and therefore the discretion, to remove" a noncitizen whose removal was stayed. *Arce*, 899 F.3d at 800. *See also Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120–21 (9th Cir. 2001) (§ 1252(g) "does not remove from judicial review actions in violation of mandatory duties"); *Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (relying on *Arce* in holding that § 1252(g) did not bar a challenge to the legality of the plaintiff's detention).

11. 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9) also do not bar this action. Petitioner does not seek review of the removal order. She seeks to enforce a statutory stay that preserves the Immigration Judge's authority to adjudicate her pending motion. No petition for review is available to vindicate that right, because there is no final agency decision on the motion. Section 1252(b)(9) does not sweep in claims that are independent of, or collateral to, the removal process. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016); *Jennings v. Rodriguez*, 583 U.S. 281, 292–94 (2018) (plurality opinion). Habeas review remains available for claims that could not have been raised through a petition for review. *See Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007). Nor does 8 U.S.C. § 1252(f)(2) bar relief. That provision permits a court to enjoin removal under a final order where the noncitizen "shows by clear and convincing evidence

that the entry or execution of such order is prohibited as a matter of law." *Id.* Execution of Petitioner's removal order is prohibited as a matter of law by 8 U.S.C. § 1229a(b)(5)(C), and the filing that triggers the stay is established by EOIR's own electronic filing, service, and payment records.

**VENUE**

12. Venue is proper in this District under 28 U.S.C. § 2241(a) and 28 U.S.C. § 1391(e). Petitioner is confined at the Adelanto ICE Processing Center in San Bernardino County, within the Eastern Division of the Central District of California, and her immediate custodian is located there. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443 (2004). Respondents are officers of the United States sued in their official capacities.

**PARTIES**

13. Petitioner Barbara Kunde Minuzzi (A# 214-868-041) is a native and citizen of Brazil. She is detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301.

14. Respondent James Janecka is the Facility Administrator of the Adelanto ICE Processing Center. He is Petitioner's immediate physical custodian. He is sued in his official capacity.

15. Respondent Thomas P. Giles is the Field Office Director of the Los Angeles Field Office of ICE Enforcement and Removal Operations, which has jurisdiction over the Adelanto ICE Processing Center and is responsible for Petitioner's detention and for executing removal orders within its area of responsibility. He is Petitioner's legal custodian and is sued in his official capacity.

16. Respondent David J. Venturella is the Acting Director of ICE. He is responsible for ICE's administration of the immigration laws, including detention and removal. He is sued in his official capacity.

17. Respondent Markwayne Mullin is the Secretary of Homeland Security. He is responsible for the administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), and is a legal custodian of Petitioner. He is sued in his official capacity.

18. Respondent Todd Blanche is the Attorney General of the United States. He oversees the Executive Office for Immigration Review ("EOIR"), including the Immigration Court in which Petitioner's motion to reopen is pending, and he is responsible for the regulations at 8 C.F.R. § 1003.23. He is sued in his official capacity.

**EXHAUSTION**

19. No statute requires exhaustion of administrative remedies before seeking habeas relief under 28 U.S.C. § 2241. Any prudential exhaustion requirement is satisfied or excused. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Petitioner has already pursued the only available administrative remedy by filing her motion to reopen, and the statutory stay is the remedy Congress provided while that motion is pending. No administrative procedure exists by which Petitioner can obtain prompt, independent review of a detention that Respondents concede cannot lead to her removal while the stay remains in force. A custody review under 8 C.F.R. § 241.4 would be conducted by the same agency that detains her, on no fixed timeline. Requiring further exhaustion would be futile and would prolong a deprivation of liberty that is itself irreparable.

## STATEMENT OF FACTS

### A. Petitioner and her family

20. Petitioner has lived in the United States for approximately ten years. She is the mother of a four-year-old son who is a United States citizen. She is approximately three months pregnant. She has never been arrested for, charged with, or convicted of any crime. (Declaration of Marcelo Gondim in Support of Verified Petition for Writ of Habeas Corpus ("Gondim Decl.") ¶ 4 & Ex. E.)

21. Before mid-2021, Petitioner lived at 256 N. Barrington Avenue, Los Angeles, California 90049. In mid-2021 she moved to 944 24th Street, Santa Monica, California 90403. In 2025 she moved to Ojai, California, where she has lived since. (*Id.*)

### B. The removal proceedings and the in absentia order

22. DHS issued a Notice to Appear dated August 4, 2025, and filed it with the Los Angeles Immigration Court on August 5, 2025, years after Petitioner had left her Barrington Avenue residence. (Gondim Decl. ¶¶ 6–7.) Upon information and belief, the Notice to Appear was mailed to that former address. Petitioner was never personally served with the Notice to Appear and never received it or any hearing notice. (*Id.* ¶ 4)

23. Because she had no notice, Petitioner did not appear. On April 6, 2026, the Immigration Judge ordered her removed *in absentia*. (*Id.*) No appeal was taken, so the order became administratively final no later than May 6, 2026, when the thirty-day appeal period expired. 8 C.F.R. §§ 1003.38(b), 1003.39. The ninety-day removal period under 8 U.S.C. § 1231(a)(1) therefore ended no later than August 4, 2026, more than two months before ICE arrested Petitioner. During that period Petitioner was not detained, and to her knowledge Respondents took no steps to remove her.

**C. Petitioner's arrest and detention**

24. On the afternoon of October 20, 2026, ICE officers arrested Petitioner at Los Angeles International Airport while she was waiting to board a scheduled domestic flight from Los Angeles to Nashville, Tennessee, to attend a conference. That was the first time she learned of the removal order. ICE took her into custody in downtown Los Angeles and then transferred her to the Adelanto ICE Processing Center, where she remains. (*Id.* ¶¶ 4–5.)

**D. The motion to reopen and the statutory stay**

25. On October 21, 2026, Petitioner, through undersigned counsel, filed with the Los Angeles Immigration Court a Respondent's Emergency Motion to Reopen and Rescind In Absentia Order, or in the Alternative, for Sua Sponte Reopening. The motion seeks rescission of the *in absentia* order on the ground that Petitioner did not receive notice, under 8 U.S.C. § 1229a(b)(5)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(ii). It was submitted through ECAS (ECAS Tracking No. 000-065-337-353), it was served on the DHS Office of the Principal Legal Advisor through ECAS, and the $1,095.00 filing fee was paid (Payment Tracking ID 2873LK0L). (*Id.* ¶¶ 7–8.)

26. The motion expressly invoked the statutory stay of removal and asked the Immigration Judge to adjudicate the motion on an expedited basis because Petitioner is detained. (*Id.*)

27. As of the filing of this Petition, the Immigration Judge has not ruled on the motion. (*Id.* ¶ 9.)

**E. ICE's statement and the Government's confirmation that removal is stayed**

28. On October 22, 2026, an ICE officer telephoned Daniela Macedo, a friend of Petitioner, and stated that ICE was going to deport Petitioner that day without her United States citizen son. (Declaration of Daniela Macedo ("Macedo Decl.") ¶¶ 4–5; Gondim Decl. ¶ 10.)

29. On October 22, 2026, Petitioner's counsel gave written notice of this action, the motion to reopen, and the statutory stay to the United States Attorney's Office for the Central District of California. At 3:43 p.m. that day, Assistant United States Attorney Daniel Beck responded in writing that he had been notified that Petitioner "is not being removed, due to the stay from the reopening petition." (Gondim Decl. ¶ 15.) Respondents nonetheless continue to detain Petitioner at the Adelanto ICE Processing Center. Upon information and belief, Respondents have made no individualized custody determination as to Petitioner and have not conducted a custody review under 8 C.F.R. § 241.4.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**Violation of 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii) (28 U.S.C. § 2241(c)(3))**

30. Petitioner incorporates the preceding paragraphs.

31. Petitioner filed a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(ii). By the plain terms of the statute and the regulation, that filing "shall stay the removal of the alien pending disposition of the motion by the immigration judge."

32. The Immigration Judge has not disposed of the motion. Petitioner's removal is therefore stayed, and Respondents lack legal authority to execute the removal order. *Nken*, 556 U.S. at 428–29; *Arce*, 899 F.3d at 800.

33. Respondents' detention of Petitioner for the purpose of executing her removal while the stay is in force, and any removal of Petitioner while the stay is in force, violate the laws of the United States. 28 U.S.C. § 2241(c)(3).

**COUNT TWO**

**Violation of the Due Process Clause of the Fifth Amendment**

34. Petitioner incorporates the preceding paragraphs.

35. The Fifth Amendment entitles noncitizens to due process of law in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). That includes notice and a meaningful opportunity to be heard. *See Dobrota v. INS*, 311 F.3d 1206, 1210 (9th Cir. 2002).

36. Petitioner was ordered removed without notice. Congress gave her a specific procedure to cure that deprivation: a motion to reopen that may be filed at any time and that automatically stays removal until an Immigration Judge decides it. Removing her before the Immigration Judge decides the motion would deny her the only process available to contest a removal order entered without notice. It would also nullify the protection Congress provided, and would separate her from her four-year-old United States citizen son without any hearing on the merits. That deprivation of liberty without due process violates the Fifth Amendment.

**COUNT THREE**

**Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C), (D); Failure to Follow Binding Regulations**

37. Petitioner incorporates the preceding paragraphs.

38. A decision to remove Petitioner while her motion to reopen is pending is final agency action that is "not in accordance with law," "in excess of statutory . . . authority," and "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D).

39. Federal agencies are bound by their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974). The stay required by 8 C.F.R. § 1003.23(b)(4)(ii) is binding on the Executive Branch, including DHS and ICE, and in any event the identical statutory command in 8 U.S.C. § 1229a(b)(5)(C) binds all Respondents.

**COUNT FOUR**

**Unlawful Detention (Fifth Amendment Due Process Clause; 8 U.S.C. § 1231(a); 28 U.S.C. § 2241(c)(3))**

40. Petitioner incorporates the preceding paragraphs.

41. Respondents detain Petitioner for one stated purpose: to execute her removal order. Respondents have now confirmed, through the United States Attorney's Office, that Petitioner "is not being removed, due to the stay from the reopening petition." (Gondim Decl. ¶ 15) Immigration detention is civil, and it must bear a reasonable relation to its purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Detention after a final order serves to secure the noncitizen's presence for removal and to protect the community. *Id.* at 690–91, 699–700. Because removal cannot lawfully occur until the Immigration Judge decides Petitioner's motion, and Respondents concede as much, her continued detention for the purpose of removal bears no reasonable relation to that purpose.

42. The statute does not authorize Petitioner's detention. The removal period under 8 U.S.C. § 1231(a)(1) ended no later than August 4, 2026, months before her arrest. Detention beyond the removal period is permitted only under 8 U.S.C. § 1231(a)(6), which reaches a noncitizen who is inadmissible under 8 U.S.C. § 1182, removable under certain enumerated grounds of 8 U.S.C. § 1227, or "determined by the Attorney General to be a risk to the

community or unlikely to comply with the order of removal." Upon information and belief, Respondents have made no determination that Petitioner is a risk to the community or unlikely to comply. Moreover, when removal is stayed, the removal order is not presently executable, and the Ninth Circuit has held that detention authority in that posture does not rest on § 1231 but on 8 U.S.C. § 1226(a), which requires an individualized custody determination. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–62 (9th Cir. 2008) (judicial stay pending petition for review). The statutory stay here has the same effect: it "temporarily divest[s] [the] order of enforceability." *Nken*, 556 U.S. at 428.

43. Respondents may contend that post-order detention is presumptively reasonable for six months. *See Zadvydas*, 533 U.S. at 701. That presumption governs how long the government may hold a noncitizen while it works to carry out a removal it is authorized to execute. It does not authorize detention for the purpose of removal during a period in which Respondents concede that removal is barred by statute, a period with no fixed end because it lasts until the Immigration Judge rules. Nor does it relieve Respondents of the threshold requirement that detention serve its statutory purpose. *Id.* at 690, 699.

44. Petitioner is pregnant. She is the primary caregiver of a four-year-old United States citizen child. She has no criminal history, and she was arrested while traveling openly on a domestic flight. Respondents have made no individualized determination that she poses a danger or a flight risk. Her continued detention without such a determination violates the Due Process Clause and the statutes and regulations governing post-order custody, including 8 C.F.R. § 241.4.

45. Petitioner is therefore entitled to immediate release under reasonable conditions of supervision. In the alternative, she is entitled to a prompt individualized custody hearing before

this Court or a neutral Immigration Judge at which Respondents must justify her continued detention.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

(a) Assume jurisdiction over this matter;

(b) Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately from custody under reasonable conditions of supervision;

(c) Order Respondents to show cause, under 28 U.S.C. § 2243, why the writ should not be granted, with a return due within three days, and set an expedited hearing on the Petition;

(d) Declare that Petitioner's removal is stayed under 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii) pending disposition of her motion to reopen, and that removing her while the stay is in force would violate the statute, the regulation, the Administrative Procedure Act, and the Fifth Amendment, and preliminarily and permanently enjoin Respondents, and all persons acting in concert with them, from removing Petitioner from the United States, or transferring her outside the Central District of California, pending the Immigration Judge's disposition of her motion to reopen and further order of this Court;

(e) Order Respondents to provide Petitioner's counsel and this Court at least seventy-two hours' written notice before any removal of Petitioner following the Immigration Judge's disposition of the motion to reopen, so that Petitioner may seek further relief;

(f) If Respondents remove Petitioner before this Court's order takes effect, order Respondents to take all necessary steps to facilitate and effectuate her return to the United States at the government's expense;

(g) In the alternative to paragraph (b), order that Petitioner receive, within seven days, an individualized custody hearing before this Court or a neutral Immigration Judge at which Respondents bear the burden of justifying her continued detention;

(h) Award costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(i) Grant such other relief as the Court deems just and proper.

Dated: October 22, 2026

Respectfully submitted,

/s/ Marcelo Gondim .
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-777
Email: court@gondim-law.com
Attorney for Petitioner

**VERIFICATION**

I, Marcelo Gondim, declare as follows:

I am counsel for Petitioner Barbara Kunde Minuzzi. I submit this verification on her behalf under 28 U.S.C. § 2242 because she is detained at the Adelanto ICE Processing Center and is not able to review and sign this Petition before it is filed. I have reviewed the Petition. The facts stated in it are true to the best of my knowledge, information, and belief. They are based on my personal knowledge, my conversations with Petitioner and with Daniela Macedo, my office's communications with the United States Attorney's Office, and records of the Executive Office for Immigration Review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2026, at Los Angeles, California.

/s/ Marcelo Gondim

Marcelo Gondim