UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06259-AYP Date: November 2, 2026

Title Barbara Kunde Minuzzi v. James Janecka et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Barbara Kunde Minuzzi (A#214-868-041) filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 22, 2026. For the reasons stated below, the Petition is **granted**.

## I. Factual and Procedural Background

On October 22, 2026, Barbara Kunde Minuzzi (A#214-868-041) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1 ("Petition")). Petitioner seeks her immediate release on the grounds that ICE violated her constitutional procedural due process, Administrative Procedure Act, and statutory rights by unlawfully detaining her without first providing adequate pre-detention notice and process and for detaining her beyond the

On October 22, 2026, Petitioner consented to proceed before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 3.) On October 23, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 5 ("General Order 26-05").) This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) On October 27, 2026, counsel for Respondents made an appearance. (Dkt. No. 6.) However, to date,

Respondents have not filed an answer or otherwise communicated with the Court. The answer was due on October 30, 2026. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions she was subject to before her current detention.

Petitioner, a noncitizen, from Brazil, has lived in the United States for approximately ten years. (Pet. at 7.) She is the mother of a four-year-old son who is a United States citizen and is approximately three months pregnant. *Id.* She has never been arrested for, charged with, or convicted of any crime. *Id.* Before mid-2021, Petitioner lived at 256 N. Barrington Avenue, Los Angeles, California 90049. In mid-2021 she moved to 944 24th Street, Santa Monica, California 90403. In 2025 she moved to Ojai, California, where she has lived since.

DHS issued a Notice to Appear dated August 4, 2025, and filed it with the Los Angeles Immigration Court on August 5, 2025, years after Petitioner had left her Barrington Avenue residence. *Id.* Upon information and belief, the Notice to Appear was mailed to Petitioner's former address. Petitioner was never personally served with the Notice to Appear and never received it or any hearing notice. *Id.*

Because Petitioner had no notice, she did not appear. *Id.* On April 6, 2026, the Immigration Judge ordered her removed *in absentia*. *Id.* No appeal was made, so the order became administratively final on May 6, 2026, when the thirty-day appeal period expired. *Id.*; 8 C.F.R. §§ 1003.38(b), 1003.39. The ninety-day removal period under 8 U.S.C. § 1231(a)(1) therefore ended no later than August 4, 2026, more than two months before ICE arrested Petitioner. *Id.* During that period Petitioner was not detained, and to her knowledge Respondents took no steps to remove her. *Id.*

On the afternoon of October 20, 2026, ICE officers arrested Petitioner at Los Angeles International Airport while she was waiting to board a scheduled domestic flight from Los Angeles to Nashville, Tennessee, to attend a conference. *Id.* at 8. That was the first time she learned of the removal order. *Id.* ICE took her into custody in downtown Los Angeles and then transferred her to the Adelanto ICE Processing Center, where she remains. *Id.* Petitioner did not receive any pre-detention notice or hearing to determine whether she posed a flight risk or danger to the community.

On October 21, 2026, Petitioner, through undersigned counsel, filed with the Los Angeles Immigration Court a Respondent's Emergency Motion to Reopen and Rescind In Absentia Order, or in the Alternative, for Sua Sponte Reopening. *Id.* The motion seeks rescission of the *in absentia* order on the ground that Petitioner did not receive notice, under 8 U.S.C. § 1229a(b)(5)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(ii). *Id.* It was submitted through EOIR Courts & Appeals System ("ECAS"), served on the DHS Office of the Principal Legal Advisor through ECAS, and the $1,095.00 filing fee was paid. *Id.* The motion expressly invoked the statutory stay of removal and asked the Immigration Judge to adjudicate the motion on an expedited basis because Petitioner is detained. *Id.* On October 22, 2026, an ICE officer telephoned Daniela Macedo, a friend of Petitioner, and stated that ICE was going to deport Petitioner that day without her United States citizen son. *Id.* at 9. On October 22, 2026, Petitioner's counsel gave written notice of this action, the motion to reopen, and the statutory stay to the United States Attorney's Office for the Central District of California. *Id.* At 3:43 p.m. that day, Assistant United States Attorney Daniel Beck responded in writing that he had been notified that Petitioner "is not being removed, due to the stay from the reopening petition." *Id.* Respondents nonetheless continue to detain Petitioner at the Adelanto ICE Processing Center. Upon information and belief, Respondents have made no individualized custody determination as to Petitioner and have not conducted a custody review under 8 C.F.R. § 241.4. *Id.*

## II. Analysis

Petitioner argues that her detention violates her constitutional procedural due process, Administrative Procedure Act, and statutory rights and asks for release. (Pet.) Respondents have indicated that they do not intend to contest the Petition.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (citation modified). Recently, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06259-AYP Date: November 2, 2026

Title Barbara Kunde Minuzzi v. James Janecka et al

Removing Petitioner while her statutory stay is in force would be unlawful because there is no authority to remove her. Section 1229 allows an alien to file a motion to seek review and to reopen an *in absentia* order within "within 180 days after the date of the order of removal." 8 U.S.C. § 1229(a)(5)(C). "The filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge." 8 U.S.C.A. § 1229a(b)(5)(c). A stay "temporarily suspend[s] the source of authority to act." *Nken v. Holder*, 556 U.S. 418, 428–29 (2009). The Ninth Circuit has held that when a stay of removal is in force, the government "lack[s] the authority to execute the removal order," and that a decision to remove in violation of a stay falls outside the jurisdictional bar of 8 U.S.C. § 1252(g). *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (per curiam).As petitioners motion to reopen and rescind the *in absentia* order on the ground that she did not receive notice, under 8 U.S.C. § 1229a(b)(5)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(ii) is still pending with the BIA, she cannot be removed.

Detention after a final order serves to secure the noncitizen's presence for removal and to protect the community. *Zadvydas v. Davis*, 533 U.S. 678, 690–91, 699–700 (2001). The Supreme Court has held that "where detention's goal is no longer practically attainable, detention no longer "bear[s][a] reasonable relation to the purpose for which the individual [was] committed" and is not authorized. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The purpose of her detention is to effectuate her removal which cannot be done now due to the stay on her removal order. Because removal cannot lawfully occur until the Immigration Judge decides Petitioner's motion, and Respondents concede as much, her continued detention for the purpose of removal bears no reasonable relation to that purpose.

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. *See Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (finding "any [immigration] detention incidental to removal must bear a reasonable relation to its purpose"). Nevertheless, the government has no legitimate interest in detaining individuals who cannot be removed.

## III. Conclusion

The Court therefore concludes that the Petition must be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06259-AYP Date: November 2, 2026

Title Barbara Kunde Minuzzi v. James Janecka et al

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Barbara Kunde Minuzzi (A#214-868-041) from immigration custody immediately.

Respondents shall return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to her current detention. Respondents shall file a “Notice of Release” within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer**